IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
- DEL RIO DIVISION

| | | |
|---|---|---|
| JOHN J PALMER | ⟩ | |
| | ⟩ | |
| *Plaintiff,* | ⟩ | |
| | ⟩ | |
| v. | ⟩ | Cause No. DR 2:23-CV36-AM-JAC |
| | ⟩ | |
| DANIEL ESQUIVEL, third-party in his | ⟩ | August-25-2024 |
| individual capacity, | ⟩ | |
| A. GARCIA, JR., in his official | ⟩ | |
| and individual capacities, | ⟩ | |
| (3) other Officers in official | ⟩ | |
| and individual capacities, | ⟩ | |
| (5) Municipal officers in their individual | ⟩ | |
| capacities, | ⟩ | |
| CITY OF EAGLE PASS, TEXAS, | ⟩ | |
| Municipality and Corporation. | ⟩ | |
| *Defendants.* | ⟩ | |

**To *CHIEF U.S. DISTRICT JUDGE A. MOSES, or  MAGISTRATE JUDGE J.A. CORDOVA:***

**MOTION FOR REMOTE HEARING ON**

**DETERMINATION OF DEFAULT JUDGMENT AND DAMAGES**

**AND ORDER NUNC PRO TUNC**

To the Clerk or Magistrate judge of the U.S. District Court for the Western District of Texas:

COME NOW, PLAINTIFF John Palmer, acting Pro Se, stands before the U.S. court intending to seek a remote hearing to discuss approximation and computations for monetary relief in the form of damages caused by the actions of one defendant Daniel Esquivel, *nunc pro tunc*. Esquivel's false instigation of arrest led to a scenario that caused an officer to pursue and ultimately seize a

mistaken suspect. The plaintiff properly served the summons to Daniel Esquivel (Dkt. 72) by Court Server, Ana M. Garcia. The plaintiff has since requested permission to file electronically via PACER (Dkt. 205) and filed motions for default judgment and **entry of default** (Dkt. 191; filed July 2nd, 2024) forms accompanied by affidavits, etc., verifying that the defendant failed to respond. The court graciously Granted the motion for default judgment in a motions hearing on January 24, 2024, and an order (Dkt. 109) and clerk's entry of default (Dkt. 110) were made and signed by judge magistrate Cordova and lead clerk Ward, however, the plaintiff did not receive the order until July 2024 and a damage computation has not been performed. Furthermore, Chief Justice Denied

**ENTRY ON DEFAULT**

There is an end objective to the dates being listed above, for the plaintiff continued to submit motions for entry on default because not all audio evidence (911 caller – to dispatch) had been rendered prior to default judgment being granted. These forms were e-filed to the court on dates May 11, 2024, and July 2, 2024 and should be considered in this order nunc pro tunc. The significance of these newer entries was that they both contained a notarized affidavit "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a)., and affidavit statement that Esquivel is not serving Actively in the military, and also more importantly, a recommended damage estimate by the plaintiff. This satisfies requirements found in case law in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. *N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).*

The plaintiff believes that the Order by Judge Moses denying default judgment on 08-13-2024 was due to the plaintiff pro se litigant not being registered for PACER account access. He is now successfully registered via PACER with Dkt. Form 205.

**REMOTE COURT HEARING – ORDER NUNC PRO TUNC**

As mentioned previously, a damage estimate reflecting all claims reverting back to initial incident dated July 4, 2021 has been included, however, the court may be required to compute a damage estimate in person, before default judgment is finalized. The plaintiff will await notice of a remote hearing, if at all required, although it is preferred that a clerk or court computation be finalized without parties. It is requested that an order *nunc pro tunc* be granted in accordance with FRCP Rule 60 within a year of omission to correct omissions and oversight from judicial system or clerk office.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that an order *nunc pro tunc* be made to reflect changes that should have been made months ago and that he be allowed default judgment for damages, computation of damages and that court clerks review Dkt. 191 entry of default against defendant Esquivel, promptly, whilst praying for relief in the fullest extent of the law.

Respectfully submitted,

SIGNED THIS 25th Day of August 2024.

/s/ **John J Palmer**
John J Palmer
Pro Se
3427 Tina Dr., Eagle Pass, TX 78852
830-281-0567
Navpers_05@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy, from aforementioned Plaintiff John J Palmer, Motion For Remote Hearing On Determination Of Default Judgment And Damages Nunc Pro Tunc, Motion for Leave, and Proposed Order on Motion for Leave were properly served upon the following Defendant(s) and US clerk via e-file and:


Office of the Attorney General              via Certified USPS mail
300 W. 15th Street
Austin, TX 78701

Patrick C. Bernal                            via email.
Denton Navarro Rocha Bernal & Zech, P.C.
2517 N. Main Ave.
San Antonio, TX 78212

Daniel Esquivel
2962 Michigan Dr.
Eagle Pass, TX 78852

Note: Correspondence is not being sent to Esquivel because all mail is being Returned to Sender. The court or plaintiff will have to deliver the Order Doc. 109, Entry of Default Doc. 110, the Finalized Default Judgment on Defendant, and the subsequent Order on Damages Computation by *court process server* at a later time in person.